IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BERNARD MIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-7192 |
| | ) | |
| THE CITY OF CHICAGO, KENNETH | ) | Judge Steven Seeger |
| BOUDREAU, RICHARD PECK, ROBERT | ) | Magistrate Judge Jeffrey Cole |
| MONTGOMERY, DANIEL MCNALLY, | ) | |
| TED PRZEPIORA, MICHAEL MCDERMOTT, | ) | |
| RAYMOND KAMINSKI, JEAN ROMIC, and | ) | |
| JOHN CLISHAM, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**INITIAL STATUS REPORT FOR REASSIGNED CASE**

Now Comes Plaintiff, BERNARD MIMS, by and through his undersigned counsel, and THE CITY OF CHICAGO, KENNETH BOUDREAU, RICHARD PECK, ROBERT MONTGOMERY, DANIEL MCNALLY, TED PRZEPIORA, MICHAEL MCDERMOTT, JEAN ROMIC, and JOHN CLISHAM, by and through their undersigned counsel, and hereby submit the following Joint Initial Status Report in the above-captioned matter.

**I.  Nature of the Case**

    **A.  Identify the attorneys of record for each party.**

Plaintiff Bernard Mims is represented by Jon Loevy and Julie Goodwin of Loevy & Loevy, 311 N. Aberdeen 3rd Floor, Chicago, Illinois 60607 and Jennifer Blagg of Blagg Law, 1333 W. Devon Ave., Suite 267, Chicago, Illinois 60660. Jon Loevy is lead trial counsel for Plaintiff. The Defendant Officers, Kenneth Boudreau, Richard Peck, Robert Montgomery, Daniel McNally, Ted Przepiora, Michael McDermott, Jean Romic and John Clisham are represented by Eileen E. Rosen, Stacy A. Benjamin, Theresa B. Carney and Brittany D. Johnson of Rock, Fusco & Connelly, 321

N. Clark St., Ste. 2200, Chicago, Illinois 60654. Eileen E. Rosen is lead trial counsel for the Defendant Officers. Defendant, City of Chicago, is represented by James G. Sotos, Jeffrey N. Given, Lisa M. Meador and Sara J. Schroeder of The Sotos Law Firm, 141 W Jackson Blvd., Ste. 1240A, Chicago, IL 60604. James G. Sotos is lead trial counsel for the City of Chicago.

      **B.**     **State the basis for federal jurisdiction.**

This Court has original jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Jurisdiction is not disputed.

      **C.**     **Briefly describe the nature of the claims asserted in the complaint and the affirmative defenses.**

Plaintiff brings this action pursuant to 42 U.S.C. Section 1983 to address the deprivation of his constitutional rights during the course of the investigation into the October 12, 2000 homicide of Dwayne Baker, a security guard and off-duty Cook County Sheriff, and his subsequent prosecution and alleged wrongful conviction.

The underlying shooting at issue in this matter occurred shortly after midnight on October 12, 2000 in a known gang-disputed area in Chicago. Plaintiff's Complaint alleges that the Individual Defendant Officers gathered information during the course of their investigation that credibly suggested that three men— not Plaintiff —were involved in the shooting. However, their credible information was gathered from an informant whom they did not want to compromise. In order to further the investigation without pinpointing their informant, the Defendant Officers used unconstitutional investigation tactics to fabricate a case against Plaintiff and misdirect the investigation away from the true perpetrators. Their efforts caused the State's Attorney's Office to pursue criminal charges against Plaintiff, leading to his prosecution and conviction.

In 2015, however, the Cook County State's Attorney's Office Conviction Integrity Unit initiated a re-investigation of Plaintiff's conviction, based in part on the alleged failure of law enforcement to adequately investigate the involvement of the real perpetrators. On October 27, 2016, on the motion of the State, Plaintiff's conviction and sentence were vacated and the charges dismissed. Plaintiff then filed a petition for a certificate of innocence, which the State did not oppose. On November 10, 2106, the circuit court granted Plaintiff's petition for certificate of innocence.

Plaintiff timely filed this present lawsuit on October 26, 2018 and brings the following Federal claims pursuant to 42 U.S.C. Section 1983: A violation of his Fourteenth Amendment Due Process rights based on the destruction and/or concealment of material evidence (Count I) and fabrication of evidence (Count II), Defendants' failure to intervene to prevent the constitutional violations (Count III); conspiracy (Count IV); and a Fourth and Fourteenth Amendment claim based on his deprivation of liberty without probable cause (Counts V and VI). Plaintiff also brings the following state law claims: malicious prosecution (Count VII), indemnification (Count VIII), and respondeat superior (Count IX).

Defendants deny any wrongdoing or misconduct during the investigation and subsequent prosecution of Plaintiff for the October 12, 2000 shooting that resulted in Mr. Baker's death and further assert that Plaintiff is not entitled to damages as alleged. In addition, Defendants contend that as a result of their investigation, two eyewitnesses credibly named Plaintiff Mims as one of two shooters involved in the incident that resulted in the death of Mr. Baker under the mistaken belief that Mr. Baker was a high-ranking rival gang member, Kenneth "Bolo" Jones, in retaliation for an ongoing gang war and drug territory dispute during which Mr. Jones allegedly injured a member of Plaintiff's own gang. Further, Plaintiff's post-conviction petition that resulted in the

vacation of his murder conviction and sentence and subsequent dismissal of the charges against him was based upon a successful showing of ineffective assistance of counsel rather than any allegations against Defendants as pleaded in the instant Complaint. Additionally, due to the State's refusal to take a position on Plaintiff's petition for certificate of innocence, Plaintiff's alleged innocence was not meaningfully tested or proven despite his receipt of a certificate of innocence.

Defendants have also raised several affirmative defenses under both federal and state law including absolute immunity, qualified immunity, public official immunity, absence of causation, failure to mitigate and comparative fault. Finally, Defendants deny that Plaintiff's claims were timely brought and refer this Court to the Defendant Officers' as well as the City of Chicago's Answers and Affirmative Defenses to Plaintiff's Complaint. *See* Dkts. 38 and 39.

>   **D.** **Describe the relief sought by the plaintiff(s).** Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).

Plaintiff's complaint seeks both compensatory and punitive damages. Plaintiff seeks the following categories of damages: physical injury and pain and suffering, loss of liberty, and emotional distress. The amount of Plaintiff's damages remains unliquidated and will be decided by a jury. As a benchmark, however, it is well recognized in courts throughout the country, and in the Northern District of Illinois, that wrongfully imprisoned plaintiffs are compensated, at a minimum, of $1 million per year, with awards that significantly increase based on the egregiousness of the alleged official misconduct.

If Plaintiff is the prevailing party as defined by 42 U.S.C. Section 1988, Plaintiff's counsel will also seek fees and costs associated with the litigation.

    **E.**    **List the names of any parties who have not yet been served.**

Defendant Raymond Kaminski has not yet been served. Plaintiff's former counsel filed his motion for extension of time to serve Kaminski and confirm his address on or about January 23, 2019 seeking an additional 45 days to effectuate service which was granted on or about January 24, 2019. *See* Dkts. 15 and 17. current counsel is now in the process of attempting service on Kaminski.

It is Defendants' position that pursuant to Fed. R. Civ. P. 4(m), service on a defendant must be made within 90 days after the complaint is filed, which may be extended for good cause shown. Plaintiff was unable to serve Defendant Kaminski during the extended time period previously allotted and has not sought leave of court for an additional extension of time to effectuate service. Plaintiff, however, issued an alias summons as to Defendant Kaminski on or about September 30, 2019. Further, Plaintiff's former counsel, Jennifer Blagg, is still counsel of record for Mr. Mims and has represented Plaintiff since the inception of this lawsuit. Therefore, proper service of Defendant Kaminski remains at issue.

**II.**    **Discovery and Pending Motions**

    **A.**    **Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.**

There are no pending motions.

    **B.**    **Is this case in the "Mandatory Initial Discovery Pilot" (MIDP) Project?**

This case is not in the MIDP Project.

    **C.**    **What is the current discovery schedule?**

The parties filed a Report of the Parties' Rule 26(f) Planning Meeting. *See* Dkt. 40. No discovery schedule has been entered by the Court. Fact discovery, however, is moving forward with a proposed deadline of September 30, 2020.

    **D.    Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery, and state whether discovery has been bifurcated. Describe any discovery that the parties still need to complete. Do the parties anticipate that they will complete discovery by the current deadline?**

The parties have exchanged initial written discovery requests and are in the process of responding. The parties anticipate scheduling depositions within the next few months. At this time, the parties remain on track to complete fact discovery by September 30, 2020.

Plaintiff is currently incarcerated in the Federal Correctional Institute in Pekin, Illinois (*US v. Mims*, 18-cr-00051) with a projected release date of November 15, 2026. Defendants will thus need to obtain an order allowing for the deposition of an incarcerated person and possibly others as discovery progresses.

    **E.    Briefly summarize all substantive rulings issued in the case.**

No substantive rulings have been issued in the case.

    **F.    Briefly describe any anticipated motions.**

There are no anticipated motions by Plaintiff at this time. Defendants anticipate the filing of dispositive motions after discovery.

**III.    Trial**

    **A.    Have any of the parties demanded a jury trial?**

Yes.

    **B.    What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?**

There is no trial date currently scheduled. The parties anticipate that the case will be ready for trial following fact discovery (with a current deadline of September 2020), expert discovery, and dispositive motion briefing.

  **C.** **Have the parties filed a final pretrial order?**

No.

  **D.** **Estimate the length of trial.**

Given the early stage of discovery, the parties are unsure how long a trial will last. At this time, Plaintiff anticipates a trial lasting between 1-2 weeks. Based upon cases with a similar number of fact witnesses as anticipated, Defendants believe a 2-3 week estimate for trial is more appropriate.

**IV.** **Settlement, Referrals, and Consent**

  **A.** **Have any settlement discussions taken place?**

No settlement discussions have taken place.

  **B.** **Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?**

This case has not been referred to the Magistrate Judge for any reason.

  **C.** **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

The Parties do not request a settlement conference at this time.

  **D.** **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

All parties do not unanimously consent to the Magistrate Judge.

**V.** **Other**

  **A.** **Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)**

Not at this time.

B.  Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

Not at this time.

Dated: October 1, 2019

/s/ Jeffrey N. Given
*One of the City of Chicago's Attorneys*
James G. Sotos
Jeffrey N. Given
Lisa M. Meador
Sara J. Schroeder
The Sotos Law Firm, P.C.
141 W Jackson Blvd, Ste. 1240A
(630) 735-3300

/s/ Brittany D. Johnson
*One of the Defendant Officer's Attorneys*
Eileen E. Rosen
Stacy A. Benjamin
Theresa B. Carney
Brittany D. Johnson
Rock, Fusco & Connelly, LLC
321 N Clark Street, Ste. 2200
Chicago, IL 60654
(312) 494-1000

Respectfully Submitted,

/s/ Julie M. Goodwin
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Julie Goodwin
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

Jennifer Blagg
Blagg Law
1333 W. Devon Avenue, Suite 267
Chicago, Illinois 60660
(773) 859-0081

8

## **CERTIFICATE OF SERVICE**

      I, Julie Goodwin, an attorney, hereby certify that I served the foregoing Initial Status Report for Reassigned Case on all parties of record via the Court's CM / ECF filing system on October 1, 2019.

                                                           /s/ Julie M. Goodwin
                                                            *One of Plaintiff's Attorneys*