IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNARD MIMS, ) | |
| ) | Case No. 18-cv-7192 |
| Plaintiff, ) | |
| ) | Honorable Judge Steven Seeger |
| ) | Magistrate Judge Jeffrey Cole |
| v. ) | |
| ) | |
| CITY OF CHICAGO, *et al*., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' AMENDED MEMORANDUM IN SUPPORT OF**
**THEIR BILL OF COSTS**

Defendants, Kenneth Boudreau, Richard Peck, Robert Montgomery, Daniel McNally, Ted Przepiora, Michael McDermott, Jean Romic, John Clisham ("Defendant Officers"), and the City of Chicago ("City"), (collectively "Defendants"), through their respective undersigned counsel, pursuant to Fed. Rule Civ. Proc. 54(d), Local Rule 54.1, and 28 USC §1920, hereby submit this Memorandum in Support of Their Bill of Costs:

**INTRODUCTION**

On March 12, 2024, this Court entered judgment against Plaintiff and in favor of Defendants on all claims. Dkts. 211, 212. On April 9, 2024, Plaintiff filed his notice of appeal. Dkts. 213, 215. On April 10, 2024, Defendants filed their unopposed motion for extension of time to file their bill of costs related to the Court's March 12, 2024 Order granting summary judgment in favor of Defendants, which was granted on April 15, 2024. Dkts. 217, 220. Defendants' Bill of Costs and Motion in Support of its Bill of Costs was then filed on April 16, 2024. Dkt. 221. Subsequently, the Seventh Circuit Court of Appeals remanded the matter to the district court to enter a full and complete judgment. *See* Dkt. 222. As such, this Court entered an Amended Judgment on May 8, 2024, that again entered judgment and against Plaintiff in favor of all

Defendants on all claims. Dkt. 223. Accordingly, Defendants now submit this Amended Memorandum in Support of their Bill of Costs. The Bill of Costs itself has not been amended, it is just the motion that has been amended to account for the Amended Judgment entered by the Court on May 8, 2024. (Dkt. 223).

Defendants are entitled to recover all costs that were reasonably and necessarily incurred in the defense of this lawsuit under Federal Rule of Civil Procedure 54(d), Northern District of Illinois Local Rule 54.1, and 28 U.S.C. 1920. Defendants seek a total award of $25,493.27 in costs. *See* Exhibit A, Defendants' Bill of Costs and Exhibit B, Itemization of Fees and Costs.

## **STANDARD FOR AWARDING COSTS**

Federal Rule of Civil Procedure 54(d) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 creates a strong presumption that the prevailing party will recover costs. *See Park v. City of Chicago*, 297 F. 3d 606, 617 (7th Cir. 2002). Furthermore, "the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *See Beamon v. Marshall & Ilsley Trust Co.*, 411 F. 3d 854, 864 (7th Cir. 2005).

28 U.S.C. § 1920 allows for the following types of costs to be recovered: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; [and] (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920. In addition, a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it. *See Little v. Mitsubishi Motors North America, Inc.*, 514 F. 3d 699 (7th Cir. 2008). A district court's discretion under Rule 54 is "narrowly

confined" in that it "must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F. 3d 926, 945 (7th Cir. 1997).

## ARGUMENT

### I. Fees of the Clerk

28 U.S.C. §1920(1) authorizes reimbursement for clerk and marshal fees. Here, City Defendants incurred $274 in fees of the clerk for certified dispositions and court files for several cases necessary to defend Defendants' case. *See* Exhibit B. City Defendants are therefore entitled to recover these items.

### II. Fees for Service of Summons and Subpoena

Subpoena fees are authorized under 28 U.S.C. § 1920(1). *See* 28 U.S.C. § 1920(1); *Fabiyi v. McDonald's Corporation*, 2014 WL 2819007, at *2 (N.D. Ill. June 23, 2014) (costs related to service of subpoenas are recoverable under Section 1920(1)). Moreover, costs related to subpoenaing medical records may be recovered under this Section. *See Chavez v. Guerrero*, No. 06 C 2180, 2014 WL 7212961, 4 (N.D. Ill. Dec. 16, 2014). "While the term 'marshal' as used in Section 1920(1) does not specifically include private process servers or local law enforcement agencies, the prevailing party may recover those costs so long as they do not exceed fees charged by a marshal (*Collins v. Gorman*, 96 F. 3d 1057, 1060 (7th Cir. 1996)), and are reasonable and necessary." *Gecker v. Menard, Inc.*, 2020 U.S. Dist. LEXIS 39590, *4 (N.D. Ill. Mar. 6, 2020). Here, Defendants incurred $1877.20 in costs attempting to serve various witnesses with a deposition subpoena as well as on subpoenas for records. *See* Exhibit B. Defendants are therefore entitled to recover these items.

**III.        Fees for Printed or Electronically Recorded Transcripts**

Pursuant to 28 U.S.C. 1920 (2), Defendants seek reimbursement for deposition transcripts, trial transcripts and court reporter fees. *See* Exhibit B. Section 1920 (2) permits the recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," including transcripts of trial and other court proceedings, deposition transcripts, and court reporter fees. *Serwatka v. City of Chicago*, 2011 U.S. Dist. LEXIS 55345, * 8 (N.D. Ill. May 24, 2011); *Hesse v. Board of Education*, 1989 U.S. Dist. LEXIS 3597, *4-5 (N.D. Ill. Apr. 3, 1989); *Rizzo v. Mr. Coffee, Inc*., 1996 U.S. Dist. LEXIS 2136, *7 (N.D. Ill. Feb. 23, 1996). To determine whether certain deposition transcript costs are recoverable, a court should consider whether the individual's deposition was "reasonably necessary to the case at the time it was taken." *Cengr v. Fusibond Piping Systems, Inc*., 135 F. 3d 445, 455 (7th Cir. 1998). In this case, the undersigned represent that the cost of the depositions and the video recorded depositions of witnesses that Defendants seek to recover was reasonably necessary to their defense of the case at the time that the costs were incurred. In addition, Defendants conducted or ordered deposition and court transcripts that were necessary to defend their case. *See* Exhibit B. Defendants are, therefore, entitled to recovery of $22,529.75 in costs associated with these transcripts and court reporter fees.

**IV.        Exemplification and Copying Costs**

Under 28 USC §1920(4), the prevailing party may recover "fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 USC §1920(4). Furthermore, "copies attributable to discovery and copies of pleadings motions, and memoranda submitted to the court" are recoverable under Section 1920(4), while "copies made solely for the convenience of counsel" are not. *Wells v. Johnson*, 2012 WL 3245955, * 1 (N.D. Ill. Aug. 6, 2012). Here, Defendants incurred $500.95 in exemplification fees for

4

deposition exhibits for Plaintiff's deposition, copying case materials that were in the possession of Dan Franks (plaintiff's criminal defense attorney), as well as providing courtesy copies for corrected exhibits for summary judgment. *See* Ex. B. Defendants are entitled to recovery of the costs associated with these fees.

V. **Witness Fees**

A prevailing party is generally entitled to fees and disbursements for witnesses. 28 USC §1920(3). Here, Defendants incurred a $75.00 witness fee for travel and attendance for the deposition of Donna Eason. *See* Ex. B. Defendants are entitled to recovery of the costs associated with this witness fee.

VI. **Other Fees**

The Seventh Circuit has also interpreted §1920 to include amounts spent on filing fees, postage, telephone calls and delivery charges." *City of Evanston v. Barr*, 2020 WL 1954142, *6 (N.D. Ill. Apr. 23, 2020). Here, Defendants incurred $236.37 in delivery charges and certified mail fees for correspondence and documents to multiple individuals. *See* Ex. B. City Defendants are entitled to recover costs associated with these fees.

## CONCLUSION

WHEREFORE, Defendants, in accordance with Federal Rule of Civil Procedure 54(d), Local Rule 54.1, and 28 USC §1920, seek to be reimbursed for the reasonable and necessary costs incurred in the defense of Plaintiff's unsuccessful federal lawsuit. Defendants respectfully request that the costs set forth in their Bill of Costs, for $25,493.27 to be taxed against Plaintiff.

Date: May 22, 2024

Respectfully submitted,

| | |
|---|---|
| MARY B. RICHARDSON-LOWRY<br>Corporation Counsel of the City of Chicago | KENNETH BOUDREAU<br>RICHARD PECK<br>ROBERT MONTGOMERY<br>DANIEL MCNALLY<br>TED PRZEPIORA<br>MICHAEL MCDERMOTT<br>JEAN ROMIC<br>JOHN CLISHAM |
| /s/ *Lisa M. Meador*<br>*One of the Attorneys for Defendant*<br>*City of Chicago* | /s/ *Stacy A. Benjamin*<br>*One of the Defendant Officers' Attorneys* |
| Special Assistant Corporation Counsel<br>James G. Sotos<br>Lisa M. Meador<br>Daniel J. McGinnis<br>Carson W. Canonie<br>THE SOTOS LAW FIRM, P.C.<br>141 W. Jackson Blvd., #1240A<br>Chicago, IL 60604<br>(630) 735-3300<br>lmeador@jsotoslaw.com | Special Assistant Corporation Counsel<br>Eileen E. Rosen<br>Stacy A. Benjamin<br>Theresa B. Carney<br>Brittany D. Johnson-Delgado<br>Rock Fusco & Connelly, LLC<br>333 W Wacker, 19th Floor<br>Chicago, IL 60606<br>(312) 494-1000<br>sbenjamin@rfclaw.com |